■ In the Matter of the Claim of JAKELINE H. DAIKALO, Appellant. COMMISSIONER OF LABOR, Respondent. [848 NYS2d 450]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a family daycare provider for approximately three years until June 2006, when she left her job to relocate to Florida. According to claimant, her decision was driven by her desire to move to a warmer climate, which her husband's doctor recommended would be more therapeutic for his medical condition. She also claimed that although she could have continued working, the relocation was financially necessary because she and her husband could no longer afford to live in New York* after he stopped working and began collecting disability insurance, and because they already owned a house in Florida. The Unemployment Insurance Appeal Board denied claimant's ensuing application for unemployment insurance benefits on the basis that she had voluntarily left her employment without good cause. Claimant now appeals.

"Resigning from a position in order to relocate to a warmer climate to care for an ailing spouse does not constitute good cause for leaving employment absent proof that the decision was motivated by a compelling medical necessity" (*Matter of Enriquez [Maharam Fabric Corp.—Commissioner of Labor]*, 42 AD3d 642, 643 [2007] [citations omitted]). Here, claimant and her husband merely testified that the husband's doctor had "suggested" and "recommend[ed]" a move to a tropical climate, but claimant failed to submit any evidence, written or otherwise, establishing that the move arose out of an actual medical necessity (*see id.*; *see also Matter of Perez [Commissioner of Labor]*, 43 AD3d 1263 [2007]; *Matter of Correa [Commissioner of Labor]*, 32 AD3d 1090 [2006]). Substantial evidence also supports the Board's rejection of claimant's assertion that the relocation was financially compelled, given the absence of the required showing that the relocation was medically necessary, or any indication that claimant and her husband looked for alternate housing in New York or took steps to alleviate their financial concerns— such as attempting to rent out or sell their house in Florida.

Based upon all of the foregoing, we find that substantial evidence supports the Board's decision that claimant voluntarily left her job without good cause. Accordingly, we affirm.

---

* Prior to claimant and her husband's decision to move to Florida, the husband had been employed in New York as a superintendent in the building in which they lived and their rent had been included as part of his compensation.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.